# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| F.D.I.C., | ) | CASE NO.: 1:11CV2574 |
| | ) | |
| Movant, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AmFin Financial Corp., et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

Pending before the Court is a discovery dispute that the parties were unable to resolve without Court intervention. Specifically, at issue is whether the FDIC is entitled to receive and review all written communications and other documents related to Mr. Alan Presby and AmFin's counsel. AmFin has declined to provide the documents, asserting that they are protected by the work product privilege. The parties submitted position statements on the issue on August 14, 2015. The Court now resolves the dispute.

The FDIC describes at length its belief that Presby's role as a fact witness and a litigation consultant cannot be distinguished. As a result, the FDIC contends that any claim of privilege cannot survive. In support, the FDIC claims that Presby has received over $700,000 in compensation – far in excess of a reasonable hourly rate for his consulting services. As such, the FDIC contends that it must explore whether his testimony has been compromised by these payments.

In response, AmFin notes that the figure utilized by the FDIC, $700,000, is grossly overstated. AmFin asserts that much of this amount was paid to Presby as a

consultant in the bankruptcy matter. AmFin notes that Presby's appointment to this position and the payments to him were never objected to by the FDIC, despite the opportunity to do so. In addition, AmFin notes that through all three related pieces of litigation, the FDIC has had the opportunity to depose Presby for roughly 35 hours. As such, AmFin contends that the limited set of documents over which it has asserted privileged should remain protected.

As noted above, the FDIC claims that it cannot assess the reasonableness of Presby's compensation and therefore cannot evaluate whether his testimony has been compromised. As counsel are all officers of the Court and prohibited from paying a fact witness an unreasonable sum as a consultant, the Court finds no reason to further review this contention. Moreover, the briefing before this Court makes no suggestion that Presby's testimony, explored at length through multiple depositions in separate litigation, has ever swayed or altered following his retention as a litigation consultant.

Additionally, courts have noted that "Rule 26(b)(4)(D) only protects against the disclosure of information created or learned by Consultant while working with Defendant's attorneys in preparing for and litigating claims and defenses involving Defendant." *U.S. ex rel. Civil Const. Techs., Inc. v. Hanover Ins. Co.*, 2013 WL 1810817, at *3 (M.D. Fla. Apr. 29, 2013). Herein, given the extensive deposition testimony already solicited from Presby, it is difficult to conceive of what could have been withheld other than documents directly implicating the work product privilege.

More importantly, the FDIC has not shown any need to review these additional documents. The matter remaining before this Court is a narrow one, and the FDIC has made no showing that the documents at issue will have any bearing on the issue to be

decided by the Court. The Court, however, would note that it is willing to revisit this matter should Presby provide an affidavit or give trial testimony that is materially different or new when compared to the information already known or provided to the FDIC.

IT IS SO ORDERED.


Dated: November 19, 2015          /s/ Judge John R. Adams
                                  JUDGE JOHN R. ADAMS
                                  UNITED STATES DISTRICT COURT